UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| URIEL JOSE ORTEGA,<br><br>Movant,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | Civ. Case No.  4:23-cv-00218-BLW<br>Cr. Case No.   4:14-cr-00255-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

# INTRODUCTION

Before the Court is Uriel Jose Ortega's Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255 as well as the government's motion to dismiss. *See* Civ. Dkts. 1, 4. the For the reasons explained below, the Court will grant the government's motion

# BACKGROUND[1]

The parties are familiar with the extensive background of this case, which will not be repeated here other than to offer this brief summary: This Court has now denied all claims Mr. Ortega advanced in his earlier 2255 motion. In his new

---

[1] A fuller recitation of the background is set forth in this Court's September 1, 2023 decision in *Ortega v. United States,* No. 17-cv-529-BLW, 2023 WL 5671528 (D. Idaho Sept. 1, 2023).

MEMORANDUM DECISION AND ORDER - 1

motion, Ortega asks the Court to vacate his 2015 conviction and resentence him because in 2023—well after he pleaded guilty—a Montana state court expunged one of his prior felony convictions. The government moves to dismiss Ortega's newly filed section 2255 motion, arguing that it is an unauthorized, second petition and that, regardless, Ortega waived the right to bring the motion when he entered into a plea agreement with the government.

## DISCUSSION

Ortega filed the pending motion while his original 2255 motion was still pending. As of this writing, however, the original 2255 motion has been resolved, and Ortega has appealed to the Ninth Circuit. Still, though, because Mr. Ortega's motion was filed while the original motion remained pending, the Court will treat it as a motion to amend, which is governed by Federal Rule of Civil Procedure 15. *See* Fed. R. Civ. P. 15(a)(2); see also 28 U.S.C. § 2242; Rule 12, Rules Governing § 2255 Proceedings. In determining whether to grant leave to amend under Rule 15, courts consider such factors as "bad faith, undue delay, prejudice to the opposing party, futility of the amendment, and whether the party has previously amended his pleadings." *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995).

So construed, the Court will deny Ortega's pending motion because any such amendment would be futile. As the government has explained, Ortega waived his right to challenge his conviction and sentence in the plea agreement he signed

with the government. The waiver contained an exception allowing Ortega to pursue a single 2255 alleging that his counsel was ineffective. *See Plea Agmt.,* Dkt. 29 in *United States v. Ortega,* Case No. 4:14-cr-255. Ortega's current motion does not allege that his counsel was ineffective, so it would be denied for that reason alone. Further, the theory Ortega seeks to advance is not cognizable. Ortega argues that the appellate waiver contained in his plea agreement was not knowing or voluntary because at the time he signed that agreement, he couldn't have known his Montana felony conviction would be expunged several years later. That argument is foreclosed by the Ninth Circuit's decision in *United States v. Goodall*, 21 F. 4th 555 (9th Cir. 2021). In *Goodall,* the court explained that unforeseen future events will not render an appellate waiver ineffective. As the court put it, "A plea agreement is no different in this respect from any other contract in which someone may have buyer's remorse after an unforeseen future event—the contract remains valid because the parties knowingly and voluntarily agreed to the terms. There is no do-over just because a defendant later regrets agreeing to a plea deal." *Id.* at 562. Accordingly, the Court will grant the government's motion to dismiss.

## ORDER

IT IS ORDERED that:

1. The government's Motion to Dismiss (Civ. Dkt. 4) is **GRANTED.**

    Accordingly, Movant Uriel Jose Ortega's Motion to Set Aside Judgment

(Civ. Dkt. 1; Cr. Dkt. 125) is **DISMISSED.**

2. The Court **DECLINES TO ISSUE A CERTIFICATE OF APPEALABILITY**.

3. The Court will enter judgment separately.

DATED: January 16, 2024

B. Lynn Winmill
U.S. District Court Judge